UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ISRAEL J, MENDEZ,<br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br>    Defendant | **NOTICE OF REMOVAL**<br>REMOVED FROM:<br><br>JUDICIAL DISTRICT OF<br>HARTFORD |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Home Depot U.S.A., Inc. ("Home Depot"), by and through its undersigned counsel, hereby files its Notice of Removal of the action currently pending in the Judicial District Hartford, State of Connecticut, as Docket No. HHD-CV25-6213583-S (the "Action") to the United States District Court for the District of Connecticut. Home Depot appears for the purpose of removal only and for no other purpose, expressly reserves all defenses and rights available to it, and states as follows:

    1.    On or around October 29, 2025, the Plaintiff Israel J. Mendez ("Plaintiff") filed the Action in the Judicial District Hartford, State of Connecticut, as Docket No. HHD-CV25-6213583-S.

    2.    The Complaint alleges that the Plaintiff was working at Home Depot's warehouse located at 170 Highland Park in Bloomfield, CT on or around October 31, 2024 when while getting off a truck mounted forklift he slipped and fell due to the presence of hydraulic fluid and/or other substances.

    3.    As a result of the incident, Plaintiff claims to have suffered serious personal injuries, part or all of which may be permanent in nature, and include but are not limited to, displaced comminuted fracture of the shaft of right fibula, closed displaced fracture of the medial

malleolus of right tibia, Weber C fracture with interval worsening of alignment of the fibular diaphysis, closed fracture of the right ankle, anxiety and depression.

4. Plaintiff claims damages in excess of $75,000.

5. On or around October 9, 2025, the Plaintiff served Home Depot with the Summons and Complaint in the Action by and through its Agent for Service of Process.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as served upon Home Depot which includes the Summons as Exhibit A, the Complaint as Exhibit B, and Return of Service as Exhibit C.

7. Plaintiff is a resident of East Hartford, CT.

8. Home Depot is a foreign corporation, organized under the laws of the State of Delaware, with a principal place of business in Atlanta, Georgia.

9. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the Action, which is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, et seq., because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity between the Plaintiff, a resident of Connecticut, and Home Depot, a resident of Georgia.

10. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly file a copy of this Notice of Removal with the Clerk of the Judicial District of Hartford, State of Connecticut, and will serve a copy of same on counsel for Plaintiff and all other counselors of record.

WHERFORE, Defendant, Home Depot U.S.A., Inc., respectfully removes the Action now pending in Judicial District of Hartford, State of Connecticut, as Docket No. HHD-CV25-6213583-S, to the United States District Court for the District of Connecticut.

                    **RESPECTFULLY SUBMITTED BY:**

**THE DEFENDANT,
HOME DEPOT U.S.A., INC.,
By its attorneys:**

*/s/ Caroline B. Lapish*

_____
Caroline B. Lapish, Esq. CT 302328
Kiernan Trebach, LLP
40 Court Street, 3rd Floor
Boston, MA 02108
clapish@kiernantrebach.com
(617) 426-3900

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing document was served via email on all counsel of record on November 10, 2025:

Sarah N. Mather, Esq.
Dressler Strickland
84 Cedar Street
Hartford, CT 06106
litigation@dresslerlaw.com

                    */s/ Caroline B. Lapish*

                    _____
                    Caroline B. Lapish

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.*

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| Hartford Superior Court, 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548 – 2700 | **NOVEMBER 4, 2025** |

☒ Judicial District    G.A. ☐ Number: ___   At (City/Town): **Hartford**
Case type code (See list on page 2): Major: **T**  Minor: **03**

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Dressler Strickland, 84 Cedar Street, Hartford, CT 06106 | 106079 |

Telephone number: ( 860 ) 247 – 1122
Signature of plaintiff (if self-represented):

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): **litigation@dresslerlaw.com**

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Mendez, Israel J. <br> Address: 46 Barbara Drive, East Hartford, CT 06118 | P-01 |
| Additional plaintiff | Name: <br> Address: | P-02 |
| First defendant | Name: Home Depot U.S.A, Inc., 2455 Paces Ferry Road, Atlanta, GA 30339 <br> Address: Agent for Service: Corporation Service Company, 225 Asylum Street, 20th Floor, Hartford, CT 06103 | D-01 |
| Additional defendant | Name: <br> Address: | D-02 |
| Additional defendant | Name: <br> Address: | D-03 |
| Additional defendant | Name: <br> Address: | D-04 |

Total number of plaintiffs: 1   Total number of defendants: 1   ☐ Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court <br> ☐ Clerk | Name of person signing |
|---|---|---|---|
| 09/29/2025 | *[signature]* | | Sarah N. Mather, Esq. |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

# EXHIBIT B

| | | |
|---|---|---|
| RETURN DATE: NOVEMBER 4, 2025 | : | SUPERIOR COURT |
| ISRAEL J. MENDEZ | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| HOME DEPOT U.S.A., INC. | : | SEPTEMBER 29, 2025 |

## COMPLAINT

1.　On or about October 31, 2024 at approximately 4:50 a.m., the plaintiff, Israel J. Mendez, was working for Universal Trucking LLC.

2.　On said date and at said time and place, the plaintiff was working at defendant Home Depot U.S.A., Inc. d/b/a The Home Depot's warehouse, located at 170 Highland Park Drive in Bloomfield, Connecticut.

3.　At all times mentioned herein, the defendant Home Depot U.S.A., Inc. was in possession and control of said Home Depot warehouse.

4.　At all times mentioned herein, the defendant was operating a warehouse located at 170 Highland Park Drive in Bloomfield.

5.　On said date and at said time and place, defendant Home Depot U.S.A., Inc. d/b/a The Home Depot provided the plaintiff with a truck mounted Moffett forklift that was kept on the premises.

6.　On said date, said truck mounted Moffett forklift, for sometime prior thereto, had been in a dangerous and defective condition due to the presence of hydraulic fluid and/or other slippery substance on said Moffett forklift.

7.  The defendant through its agents, servants and/or employees, knew or in the exercise of reasonable care should have known of said dangerous and defective conditions of said forklift.

8.  On said date and place at approximately 4:50am, as the plaintiff was stepping off said truck mounted Moffett forklift when he was caused to slip and fall off the mounted forklift due to the presence of the hydraulic fluid and/or other slippery substance.

9.  Said fall caused the plaintiff to sustain serious injuries and losses, all as more particularly set forth hereinafter.

10. The plaintiff's fall and resulting personal injuries and losses were caused by the negligence and carelessness of the defendant in one or more of the following ways:

    a.  IN THAT the defendant failed to maintain said forklift in a reasonably safe condition;

    b.  IN THAT the defendant failed to repair said forklift;

    c.  IN THAT the defendant failed to inspect said forklift when reasonable care required it to do so;

    d.  IN THAT although the defendant knew or should have known of the dangerous condition of the forklift, it failed to employ competent assistance in making repairs to or replacing said forklift;

    e.  IN THAT the defendant failed to warn of the dangerous and defective condition of said forklift;

    f.  IN THAT the defendant failed to do routine servicing on said forklift;

    g.  IN THAT the defendant failed to check for leaking forklifts;

    h.  IN THAT the defendant failed to employ competent assistance in checking for leaking forklifts;

    i.  IN THAT the defendant overfilled the hydraulic fluid reserve;

    j.  IN THAT the defendant failed to change hydraulic fluid in a safe manner;

      j.      IN THAT the defendant failed to employ competent assistance to change hydraulic fluid;

      k.      IN THAT the defendant failed to train its agent, servants, employees, or independent contractors as to how to change hydraulic fluid in a safe manor as to avoid spills;

      l.      IN THAT the defendant failed to clean hydraulic fluid spillage or any other slippery substances;

      m.      IN THAT the defendant failed to train its agents, servants, employees, or independent contractors on when to identify and clean spills;

      n.      IN THAT the defendant failed to train on spill responses;

      o.      IN THAT the defendant failed to implement spill response procedures;

      p.      IN THAT the defendant failed to inspect for cracked cylinders;

      q.      IN THAT the defendant failed to maintain cylinders within the forklift; and/or

      r.      IN THAT the defendant failed to adhere to the manufacture's maintenance and care instructions for said Moffett forklift.

11. As a result of the negligence and carelessness of defendant as aforesaid, the plaintiff sustained closed displaced comminuted fracture of the shaft of right fibula, closed displaced fracture of medial malleolus of right tibia, Weber C fracture with interval worsening of alignment of the fibular diaphysis, closed trimalleolar fracture of right ankle, right ankle equinus contracture, contracture of right Achilles tendon, neuritis of right sural nerve, right foot contracture, right talar exostosis, right ankle pain, right ankle swelling, anxiety, and depression.

12. From all the injuries or the effects thereof, the plaintiff was rendered sore and disabled and is suffering and may continue to suffer from pain, discomfort, soreness, limitation of motion and restriction of activity.

13. The plaintiff's injuries, or some of them, may be permanent in nature and/or permanently disabling.

14. As a further result of the negligence and carelessness as aforesaid of the defendant, the plaintiff was forced to incur expenses for medical care and attention, and may require future medical treatment and expenditures.

15. As a further result of the defendant's negligence and carelessness, the plaintiff has lost time from work and his earning capacity may be impaired.

WHEREFORE, THE PLAINTIFF CLAIMS:

    A.    MONETARY DAMAGES.

Dated at Hartford, Connecticut on September 29, 2025.

_____
Sarah N. Mather, Esq.
Dressler Strickland
84 Cedar Street
Hartford, CT 06106
(860) 247-1122
Juris No. 106079

| | | |
|---|---|---|
| RETURN DATE: NOVEMBER 4, 2025 | : | SUPERIOR COURT |
| ISRAEL J. MENDEZ | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| HOME DEPOT U.S.A., INC. | : | SEPTEMBER 29, 2025 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is more than $15,000.00 exclusive of interest and costs.

PLAINTIFF,

_____
Sarah N. Mather, Esq.
Dressler Strickland
84 Cedar Street
Hartford, CT  06106
(860) 247-1122
Juris No. 106079

6

# EXHIBIT C

STATE OF CONNECTICUT }
                     } SS: WEST HARTFORD,    OCTOBER 9, 2025
COUNTY OF HARTFORD   }

Then and by virtue hereof, on the 9th day of October, 2025, I made due and legal service on the within named Defendant, **HOME DEPOT U.S.A., INC.**, by leaving a verified true and attested copy of the within original **Summons, Complaint, and Statement Of Amount In Demand,** with and in the hands of Shelly Kurpaska, duly authorized to accept service for Corporation Service Company, Agent For Service for said Defendant, at 225 Asylum Street, 20th Floor, in the City of Hartford.

The within is the original **Summons, Complaint, and Statement Of Amount In Demand**, with my doings hereon endorsed.

FEES:                                          ATTEST:

Pages              $8.00
Endorsements       $2.00
Service           $50.00                       _____
Travel             $6.23                       CONNOR C. LILLEY
Total             $66.23                       STATE MARSHAL
                                               HARTFORD COUNTY

Elect. Trans./Handling  $00.00
Printing (0 pages)      $00.00
Total                   $00.00