**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ISRAEL J. MENDEZ,
*Plaintiff*,

v.

HOME DEPOT U.S.A., INC.,
*Defendant*.

Case No. 3:25-cv-1886 (OAW)

## RULING ON MOTION TO AMEND COMPLAINT AND ADD A PARTY DEFENDANT

Plaintiff, Israel Mendez, filed an amended complaint against Defendant, Home Depot, alleging that Home Depot provided him with a forklift that was in a dangerous and defective condition, causing Plaintiff to fall and sustain serious injuries and losses. ECF No. 28. Currently before the court is Plaintiff's Motion to Amend his complaint and to add a new party, presumably pursuant to Federal Rule of Civil Procedure 19. ECF No. 48. Home Depot opposes Plaintiff's Motion. ECF No. 55. Plaintiff filed a reply to Home Depot's Opposition. ECF No. 56. For the foregoing reasons, the Motion is **GRANTED**.

## I. BACKGROUND

### A. Complaint

On October 31, 2024, at around 4:50 a.m., Plaintiff was working for Universal Trucking LLC ("Universal") at Home Depot's warehouse in Bloomfield, Connecticut. ECF No. 28 ¶¶ 1–2. Home Depot provided Plaintiff with a truck mounted Moffett forklift ("forklift") that was kept on Home Depot's premises. *Id.* ¶ 5. The forklift "for sometime prior thereto, had been in a dangerous and defective condition" because of hydraulic fluid or "other slippery substance" that was on the forklift. *Id.* ¶ 6. When Plaintiff stepped off

the forklift, he slipped and fell off because of the slippery substance. *Id.* ¶ 8. Plaintiff sustained "serious injuries and losses" as a result of the fall. *Id.* ¶ 9. Plaintiff alleges that Home Depot knew or should have known of the forklift's dangerous and defective condition. *Id.* ¶ 7. Plaintiff alleges that his fall and subsequent injuries were caused by Home Depot's negligence and carelessness. *Id.* ¶ 10.

### B. Proposed Second Amended Complaint

Plaintiff's proposed second amended complaint contains the same allegations as the amended complaint. It also includes RXO as a defendant, and adds an allegation against Home Depot, alleging that Home Depot "failed to provide sufficient lighting in the area where the plaintiff was doing his pre-trip inspection of the tractor, trailer, and Moffett forklift." ECF No. 48-1 ¶ 10. As to the proposed additional claims against RXO, Plaintiff alleges that RXO was a "third-party logistics and freight brokerage business" that assisted Home Depot. *Id.* at 8. Plaintiff also alleges that RXO (1) provided trailers and forklifts to subcontracts, including Universal; (2) maintained, inspected, and repaired the trailers and forklifts; (3) notified Home Depot if inspection revealed a safety issue; and (4) provided Plaintiff with the forklift in question. *Id.* ¶¶ 3–9. Plaintiff asserts that RXO failed to maintain, inspect, and repair the forklift, resulting in "personal injuries and losses." *Id.* ¶ 14.

## II. SCHEDULING ORDER

As an initial matter, the court notes that this motion to amend was filed out of time with the scheduling order. ECF No. 16 at 3. The scheduling order set the final day to file

a motion to amend the pleadings on April 19, 2026, and the final day to file a motion to join additional parties on March 13, 2026. *Id.*

"A scheduling order exists to enable the court to manage the conduct and disposition of cases, and should not be ignored blithely." *Gallo v. Wonderly Co.*, No. 1:12-cv-1868, 2014 WL 36628, at *2 (N.D.N.Y. Jan. 6, 2014). However, a court may "exercise its discretion under Federal Rule of Civil Procedure 16(b)(4) to determine whether the scheduling order should be modified so as to allow an amended complaint." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). A schedule may be modified "only for good cause and with the judge's consent." *Gallo*, 2014 WL 36628, at *2; *see also* ECF No. 13 at 3 (noting that motions regarding joinder of parties and amendment of pleadings may be filed after April 19, 2026, upon a "showing of good cause for the delay"). "A determination of 'good cause' should obviously be based on objective standards rather than the subjective needs of the parties." *Bernstein v. Bernstein*, No. 1:91-cv-785, 1993 WL 466402, at *1 (E.D.N.Y. Aug. 13, 1993). "[T]hese objective factors include the past conduct and diligence of the parties, the prior knowledge of the parties, the stage of litigation reached, and the nature of the relief sought." *Id.*

"Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (citation modified) (citing G*rochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003)). "[W]hen a party has diligently employed his time in conducting discovery and investigation, the request should be favorably received." *Gallo*, 2014 WL 36628, at *3 (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927–28 (2d Cir.1985).

Here, Plaintiff asserts that, "based on Home Depot's June 22, 2026 discovery responses, it appears that proposed defendant RXO Last Mile, Inc. is a necessary party." ECF No. 48 at 1. Home Depot asserts that RXO is not a necessary party, as RXO transferred inspection and maintenance to Universal Distributors (the intervening plaintiff), and Plaintiff "was performing the required inspection at the time of his injury." ECF No. 55 at 2 n.1. Plaintiff refutes that, asserting that it "appears that defendant Home Depot lease[d] the forklifts," and then "assigned the forklifts" to RXO, "and then these forklifts were given to intervening plaintiff Universal Trucking." ECF No. 56 at 1. Plaintiff asserts that, pursuant to the contracts produced in discovery, RXO "had a substantive role in the maintenance and repair of the forklifts." *Id.* at 2.

The court concludes that Plaintiff has established that he did not have this information when he filed this complaint, or prior to April 19, 2026. He has "demonstrated due diligence through discovery and recent revelation of these facts." *Gallo*, 2014 WL 36628, at *5. Accordingly, the court finds good cause for the out-of-time filing of the motion to amend. The court turns next to the relevant joinder and leave-to-amend analysis.

## III. DISCUSSION

Federal Rule of Civil Procedure 15(a) "generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added," the court must look at "Rule 18–20 and 21." *Gallo*, 2014 WL 36628, at *5. Rule 19 addresses the joinder of necessary parties. Rule 19(a) provides that a party must be joined as a party, if: (1) "in that person's absence, the court cannot accord complete relief

among existing parties; or"; (2) "that person claims an interest relating to the subject of the action and is so situate that disposing of the action in the person's absence may" either impair or impede "the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A).

"The party moving for joinder under Rule 19 bears the burden of demonstrating that joinder is appropriate." *Olshan Frome Wolosky LLP v. Comm. to Restore Nymox S'holder Value Inc.*, No. 24-cv-2134, 2025 WL 880545, at *7 (S.D.N.Y. Mar. 21, 2025). "[T]he question of whether a nonparty is 'necessary' within the meaning of Rule 19(a) depends on the circumstances of each case." *Kraebel v. N.Y.C. Dep't of Hous. Pres. & Dev.*, No. 90-cv-4391, 1994 WL 132239, at *2 (S.D.N.Y. Apr. 14, 1994).

Plaintiff alleges that RXO is a necessary defendant as RXO was involved in the maintenance and inspection of the forklifts, and Plaintiff's complaint concerns injuries he sustained while operating a forklift in the course of his employment. ECF Nos. 48, 56. Home Depot asserts that "[f]ull responsibility for inspection, maintenance and repair" of the forklift was "the responsibility of the contract carrier and intervening plaintiff Universal Distributors." ECF No. 55 at 2. Home Depot also asserts that "RXO has tendered liability per contract" to Universal, and as such, adding RXO "is an unnecessary complication." *Id.* Plaintiff, in his response, acknowledges that intervening plaintiff Universal received the forklifts, but alleges that discovery materials show that Universal could not repair the forklift without RXO's written consent, and that discovery "suggest[s]" that RXO "may physically be doing the maintenance on the forklifts." ECF No. 56 at 1–2.

The court finds that, at the outset, the addition of RXO will not deprive the court of jurisdiction, as Plaintiff alleges that RXO is domiciled in Georgia. ECF No. 60; *see also* ECF No. 27 (noting that Plaintiff is domiciled in Connecticut and that Home Depot is domiciled in Georgia and Delaware); ECF No. 30 (attesting that Universal is domiciled in Connecticut). Further, RXO has an arguable interest in defending its role in inspecting or maintaining the forklifts, and RXO "may ultimately be found to have contributed" to the allegedly negligent maintenance of the forklift. *Kraebel*, 1994 WL 132239, at *3. Home Depot asserts that intervenor plaintiff Universal was fully liable for the inspection, maintenance, and repair of the forklift. ECF No. 55. However, Plaintiff also asserts that contracts produced in discovery showed that Universal could not repair the forklift without RXO's written consent and that RXO might be physically doing the maintenance on the forklifts. ECF No. 56. As such, as it stands now, there is dispute as to whether Universal had full responsibility for inspecting, maintaining, and repairing the forklift, and the court cannot conclude that RXO was not, at least in part, responsible for the alleged lack of maintenance, inspection, and repair of the forklift, which Plaintiff purports led to his injury. *See Kraebel*, 1994 WL 132239, at *3; *Allen ex rel. Allen v. Devine*, 670 F. Supp. 2d 164, 168 (E.D.N.Y. 2009) (noting that although, "[g]enerally, joint tortfeasors are not necessary parties under Rule 19(a)," the moving party can make a "showing to contravene the general rule"); *see also Greco v. Starbucks Coffee Co.*, No. 05-cv-7639, 2006 WL 1982761, at *5 (S.D.N.Y. July 14, 2006) ("Courts in this Circuit have repeatedly held that avoidance of multiple litigation points toward joinder of a party").

Accordingly, the court concludes that Plaintiff has met his burden of demonstrating that joinder is appropriate. As it appears that joinder of RXO is feasible under Rule 19,

the court need not determine whether RXO is an "indispensable" party under Rule 19(b). *Kraebel*, 1994 WL 132239, at *4.

Further, with respect to Plaintiff's request to amend his complaint to add a negligence claim for insufficient lighting against Home Depot, Home Depot did not oppose the motion in their opposition filing. *See* ECF No. 55 (containing only arguments against adding RXO as a defendant). Accordingly, because Home Depot "did not oppose the motion to amend the complaint," the court grants Plaintiff's motion to amend his complaint. *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 522 (D. Conn. 1991) ("In the absence of opposition, the court grants Travelers' motion for permission to amend the complaint"); *Club Protector, Inc. v. J.G. Peta, Inc.*, No. 01-cv-0191, 2001 WL 1217215, at *2 (N.D.N.Y. Sept. 12, 2001) ("because Peta did not oppose the motion to amend the complaint, the court granted plaintiffs' oral motion to amend").

## IV. CONCLUSION

For the reasons discussed herein, the court hereby **GRANTS** Plaintiff's motion to amend the complaint to add an allegation against Home Depot for insufficient lighting and to add RXO as a defendant **(ECF No. 48)**.

**IT IS SO ORDERED** in Hartford, Connecticut, this 24th day of November, 2026.

/s/

OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE